IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RORY FOSTER,

        Petitioner,

        v.                         CASE NO. 10-3148-SAC

U.S. CUSTOMS AND IMMIGRATION
ENFORCEMENT,

        Respondent.

**O R D E R**

This matter comes before the court on a pleading titled as a "PETITION TO INITIATE DEPORTATION" pursuant to 8 U.S.C. §§ 1228 and 1229(a), filed pro se by a prisoner incarcerated in a Kansas correctional facility. The matter was liberally construed and docketed by the court as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and is provisionally treated as such. Petitioner submitted neither any payment for the district court filing fee required by 28 U.S.C. § 1914,[1] nor a motion for seeking leave to proceed in forma pauperis without prepayment of the district court filing fee, 28 U.S.C. § 1915. The court grants petitioner additional time to satisfy one of these two statutory

---

[1] The fee for filing a habeas action in a United States District Court is $5.00. 28 U.S.C. § 1914(a). If this matter were to proceed as a civil action for declaratory and injunctive relief, the filing fee would be $350.00, and petitioner would be subject to the provisions imposed by § 1915 on prisoners filing non-habeas civil actions or appeals.

requirements.

In June of this year, the Kansas Supreme Court affirmed petitioner's Allen County conviction and sentence on charges of first degree murder, aggravated kidnapping, rape, aggravated criminal sodomy, aggravated arson, aggravated battery, and criminal threat. See *State v. Foster*, 290 Kan. 696 (2010). Petitioner filed the instant action seeking his deportation to Jamaica, and submitted a copy of a Notice of Action issued by the United States Department of Homeland Security in November 2009, of an Immigration Detainer lodged against him.[2]

Having reviewed this initial pleading, the court finds this matter is subject to being dismissed because petitioner establishes no basis for this court's jurisdiction.

The lodging of an immigration detainer alone is insufficient to establish that petitioner is in federal custody pursuant to the detainer for purposes of proceeding under habeas corpus. See *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir.1994)(an immigration detainer with no corresponding final order of deportation presents "no actual claim to the alien following the completion of his 'contact with the State system], [so there can be] no custody [for purposes of § 2241]").

Also, the decision whether to deport an alien prior to completion of the alien's prison term is a matter solely within the

---

[2]The detainer cites the initiation of an investigation to determine whether petitioner is subject to removal from the United States.

discretion of the United States Attorney General. See 8 U.S.C. § 1231(a). "No cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D).

Although "the Attorney General shall provide for the initiation and, to the extent possible, the completion of removal proceedings, and any administrative appeals thereof, in the case of any alien convicted of an aggravated felony before the alien's release from incarceration for the underlying aggravated felony[,]....[n]othing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined." 8 U.S.C. § 1228a(a)(3)(A) and (B). And significantly, "notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

Petitioner cites 8 U.S.C. § 1228 which provides for the expedited removal of aliens convicted of committing aggravated felonies, and 8 U.S.C. § 1229(a) which addresses the initiation of removal proceedings, however neither statute confers jurisdiction in

3

this matter.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to submit EITHER the $5.00 district court filing fee in this habeas action as construed by the court, OR an executed form motion for seeking leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why this matter should not be summarily dismissed for lack of jurisdiction. The failure to file a timely response will result in the petition being dismissed without prejudice and without further prior notice to petitioner.

The clerk's office is to provide petitioner with a form motion for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED: This 6th day of December 2010 at Topeka, Kansas.


s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge