IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RORY FOSTER,**

          **Petitioner,**

     **v.**                                    CASE NO. 10-3148-SAC

**U.S. CUSTOMS AND IMMIGRATION ENFORCEMENT,**

          **Respondent.**

**O R D E R**

Petitioner submitted a pro se pleading titled as a "PETITION TO INITIATE DEPORTATION" pursuant to 8 U.S.C. §§ 1228 and 1229(a), which the court liberally construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As directed by the court, petitioner submitted a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee. Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis.

Petitioner is currently incarcerated pursuant to his recent conviction on Kansas charges of first degree murder, aggravated kidnapping, rape, aggravated criminal sodomy, aggravated arson, aggravated battery, and criminal threat.[1] The United States Department of Homeland Security has lodged an immigration detainer

---

[1] See *State v. Foster*, 290 Kan. 696 (2010).

against petitioner, and petitioner appears to seek his immediate deportation to avoid further service of his state sentence.

The court also directed petitioner to show cause why this matter should not be summarily dismissed because this court lacked jurisdiction to order respondent to initiate petitioner's immediate deportation to Jamaica.  In response petitioner essentially argues he is deportable as an aggravated felon.  Even if that were to be presumed,[2] the decision whether to deport an alien prior to completion of the alien's prison term still remains a matter solely within the discretion of the United States Attorney General.  8 U.S.C. § 1231(a).  Petitioner has "no cause or claim ... against any official of the United States or of any State to compel [his] release, removal, or consideration for release or removal."  8 U.S.C. § 1231(a)(4)(D).  And the Attorney General is not required to effect petitioner's removal prior to petitioner's release from his present incarceration.  8 U.S.C. § 1228a(a)(3)(A) and (B).

Petitioner's attempt "to now giv[e] the court jurisdiction to submit an order for [his] deportation and removal from the United States" (Doc. 4), has no legal effect.  Because this court has no jurisdiction to hear any cause or claim by or on behalf of petitioner arising from the exercise of the Attorney General's discretion to commence the deportation or removal of petitioner, 8

---

[2]Petitioner's motion for an extension of time (Doc. 5) to collect documentation and authority in support of his claim that he is deportable is denied, as there is nothing to suggest this effort would help establish whether this court has jurisdiction to proceed in this matter.

2

U.S.C. § 1252(g), the court concludes this action should be dismissed.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 3) in this habeas action is granted.

IT IS FURTHER ORDERED that the petition is dismissed without prejudice for lack of jurisdiction, and that petitioner's motion for an extension of time (Doc. 5) is denied as moot.

**IT IS SO ORDERED.**

DATED: This 4th day of January 2011 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge